*1062 BALDOCK, Senior Circuit Judge,
concurring.
With the exception of Footnote 4, I join the Court’s clear and concise opinion. I write separately because I believe we should have found this case to be prudentially moot.
“A ease, is prudentially moot if circumstances have changed since the beginning of litigation that forestall any occasion for meaningful relief.” Citizen Ctr. v. Gessler, 770 F.3d 900, 909 (10th Cir.2014) (citation and internal marks omitted). Or, “a court may dismiss the case under the prudential-mootness doctrine if the case is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.” Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1121 (10th Cir.2010) (citation and internal marks omitted). Utilizing its discretion, the Court “elect[s] not to address prudential mootness.” Ante, at 1047 n.4. Counseling strongly against this maneuver is Hillsdale Environmental Loss Prevention, Inc. v. U.S. Army Corps of Engineers, 702 F.3d 1156 (10th Cir.2012).
In Hillsdale, as here, environmental groups challenged a Corps-issued permit under the National Environmental Policy Act (NEPA) and the Clean Water Act (CWA), and prudential concerns were raised. We were not persuaded by those concerns in Hillsdale, but our reasoning there points directly to the present affair. Specifically, in Hillsdale we had “no trouble” rejecting NEPA mootness concerns because the facility in question was “not yet complete.” Id. at 1167. Here, the pipeline has been complete and operational for years. Moreover, in Hillsdale we said CWA mootness was a much “closer question” where “[njearly all of the jurisdictional waters ... have been filled, and nearly all of the associated mitigation is now complete.” Id. Here, all the waters have been filled or rerouted and nearly all associated mitigation is complete. Given Hillsdale’s language, I have a difficult time imagining a scenario more appropriate for prudential mootness than the present.
Having said this, I acknowledge that prudential mootness is a matter of discretion and that reasonable minds can certainly differ on what is prudent here. As such, I readily join the Court in resolving this matter on other grounds.